IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CAROLYN ALLEN, et al.,

          Plaintiffs,

v.                                   Civil Action No. 2:14-cv-12772

C. R. BARD, INC.,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant C. R. Bard, Inc.'s Motion to Dismiss for Failure to Comply with Pretrial Order 289 and Failure to Prosecute, filed June 27, 2019. [ECF No. 18]. Plaintiffs have not responded to the Motion, but C. R. Bard, Inc. ("Bard") filed a reply [ECF No. 20], making the motion ripe for consideration. For the reasons stated below, Bard's Motion is **GRANTED** to the extent Bard seeks dismissal without prejudice pursuant to Rule 25(a) and PTO # 289.

### I.    Background

This action resides in one of seven MDLs originally assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This particular case involves Texas co-plaintiffs, one of whom, Ms. Allen, was implanted at Cedar Park Surgery Center in Cedar Park, Texas with the Align Urethral Support System, a mesh product manufactured by Bard. Short Form Compl. [ECF No. 1] ¶¶ 1-12. On February 6, 2019, plaintiffs' counsel filed a Suggestion of Death noting that Ms. Allen died on May 23, 2016. Suggestion of Death [ECF No. 15].

## II.    Legal Standards

### A.  Rule 25

Rule 25 governs the process for substituting or dismissing a case after a plaintiff has

died. *See* Fed. R. Civ. P. 25. The rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution
> of the proper party. A motion for substitution may be made by any party or by the
> decedent's successor or representative. If the motion is not made within 90 days
> after service of a statement noting the death, the action by or against the decedent
> must be dismissed.

Fed. R. Civ. P. 25(a)(1). This rule also states that, "[a] motion to substitute, together with a notice

of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in

Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3).

The above-mentioned 90-day clock does not begin to run until the decedent's successors or

representatives are served with a statement noting death. *See Farris v. Lynchurg*, 769 F.2d 958,

962 (4th Cir. 1985). If the successor or representative is a party to the action, service must be

made on the party's attorney. Fed. Civ. P. 5(b)(1).

Whether a claim is extinguished is determined by the substantive law of the jurisdiction

in which the cause of action arose. *See Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1991)

(explaining that a claim is not extinguished if the jurisdiction allows the action to survive a

party's death). Traditionally, state statutes expressly state whether a claim survives a deceased

party and to whom survivorship is allowed.  *Id.* at 589. If a case includes multiple plaintiffs, the

death of one plaintiff does not cause an abatement of the claims for the remaining parties. *See*

Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only

to or against the remaining parties, the action does not abate, but proceeds in favor of or against

the remaining parties.").

### B. PTO # 289

In Pretrial Order ("PTO") # 289, the court required that "[f]or any case in which plaintiff's counsel subsequently learns of the death of his or her client, plaintiff's counsel shall file the suggestion of death within 120 days of counsel's learning of the death." Pretrial Order # 289, p. 3, 2:10-md-2187 [ECF # 6915]. In addition, the court directed that

> within the same 120-day period, plaintiff's counsel must serve the suggestion of death on the parties and appropriate nonparties as described above, and file proof of such service with the court. The ninety-day substitution period provided by Rule 25(a) will commence upon the filing and proper service of the suggestion of death. In the event that plaintiff's counsel fails to file the suggestion of death and properly serve it on the appropriate nonparties, the ninety-day substitution period will commence 120 days after the entry of this Order or 120 days after counsel's learning of the death of his or her client, whichever is later.

*Id.* at 3-4.

### C. Choice of Law

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Allen underwent implantation surgery in Texas. Thus, the choice-of-law principles of Texas guide the court's choice-of-law analysis.

Texas follows the "most significant relationship" test, as outlined in section 145 of the Restatement (Second) of Conflict of Laws, in determining choice of law questions. *Gutierrez v.*

*Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Section 145 directs courts to consider four factors: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile of the parties, and (4) the place where the parties' relationship is centered. *Id. a*t 319 (citing Restatement (Second) of Conflicts of Law § 145(2)(a)-(d) (1971)). Here, the implantation surgery that allegedly resulted in Ms. Allen's injuries occurred in Texas. Ms. Allen also resided in Texas and received medical care for her alleged injuries in Texas. Accordingly, Texas substantive law governs this case.

### III.     Analysis

Bard argues it is entitled to dismissal of this case because Ms. Allen is deceased and there has been no substitution of party for the deceased plaintiff. [ECF No. 19]. The plaintiffs filed a Suggestion of Death on February 6, 2019, noting that Ms. Allen died on May 23, 2016. [ECF. No. 15]. The Suggestion of Death was served using the "CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this M.D.L." *Id.* Thus, Mr. Allen, the decedent's co-plaintiff and widow[1], received service of the Suggestion of Death on February 6, 2019. Assuming Mr. Allen is the proper party to be substituted, this gave Mr. Allen until May 7, 2019 to file a motion for substitution. No such motion was filed. The docket of this court also indicates that non-parties have not been served with the Suggestion of Death. Pursuant to PTO # 289 the time for substituting any party or non-party for the deceased plaintiff has passed.

Rule 25(a)(1) provides the sole procedural device allowing decedent's successor or representative to step into Ms. Allen's shoes and pursue litigation on her behalf. *See* Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor

---

[1]  Pursuant to the Short Form Complaint, plaintiffs were husband and wife. [ECF No. 1].

or representative."). Neither Mr. Allen nor any non-party successor or representative has complied with the substitution requirements of Rule 25(a)(1) within the time requirements as set forth in Rule 25(a) and PTO # 289. Accordingly, Bard's Motion is **GRANTED,** and the claims of Carolyn Allen are **DISMISSED without prejudice**.

While failure to comply with Rule 25(a)(1) prevents Mr. Allen from pursuing claims on Ms. Allen's behalf, Rule 25(a)(2) does not prevent Mr. Allen from pursuing claims on his own behalf. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties."). In this matter, only Mr. Allen's claim for loss of consortium remains. Because Mr. Allen's claim for loss of consortium is derivative of Ms. Allen's claims, which have now been dismissed, Mr. Allen's claim for loss of consortium must be dismissed as well. *Whittlesey v. Miller,* 572 S.W.2d 665, 667 (Tex. 1978). Accordingly, Bard's Motion is also **GRANTED** as to Mr. Allen.

## IV.     Conclusion

It is O**RDERED** that the defendant's Motion [ECF No. 18] is **GRANTED** to the extent Bard seeks dismissal without prejudice pursuant to Rule 25(a) and PTO # 289. The court **ORDERS** that plaintiffs' claims against Bard are **DISMISSED** without prejudice, and the case is closed and stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.

ENTER:  January 13, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5